11-2990-ag
Frimpong v. Holder

BIA
Nelson, IJ
A079 718 451

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of April, two thousand twelve.

PRESENT:
>       JOHN M. WALKER, JR.,
>       ROBERT A. KATZMANN,
>       PETER W. HALL,
>           *Circuit Judges*.

_____

KWABENA FRIMPONG,
>       *Petitioner*,

>       v.                                                      11-2990-ag
>                                                               NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Kwabena Frimpong, a native and citizen of Ghana, seeks review of a June 28, 2011, decision of the BIA affirming the July 14, 2010, decision of Immigration Judge ("IJ") Barbara Nelson denying his motion to reopen. *In re Kwabena Frimpong*, No. A079 718 451 (B.I.A. June 28, 2011), aff'g No. A079 718 451 (Immig. Ct. N.Y. City July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. See *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (citing *INS v. Doherty*, 502 U.S. 314, 322–23 (1992)). An alien seeking to reopen proceedings may file only one motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. §§ 1229a(c)(7)(A), (C). There is no dispute that Frimpong's June 2010 motion to reopen, filed more than five years after the entry of his February 2005 final order of removal, was untimely. *See id.* To overcome this limitation, Frimpong was required to demonstrate changed country conditions material to his asylum application. 8 U.S.C. § 1229a(c)(7)(C)(ii). The agency reasonably concluded that he failed to do so. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the agency's determination of changed country conditions for substantial evidence).

The agency reasonably concluded that Frimpong failed to establish a change in country conditions material to his claim for relief. Frimpong's fundamental argument is that he will be subject to violence and persecution because he is affiliated with the New Patriotic Party ("NPP"), and because the National Democratic Congress ("NDC") has been persecuting members of the NPP since it gained control of the government in Ghana. However, Frimpong offered no evidence to support his general claims that his membership in the NPP would lead to persecution or violence at the hands of the NDC. Absent

2

"solid support" in the record that his fear is objectively reasonable, Frimpong's claim of future persecution is "speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam). Although the articles he submitted in support of his motion to reopen describe the criminal prosecution of former government officials in Ghana, nothing in those articles indicates that members of the NPP who were not government officials have been subject to violence or other mistreatment. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (noting that evidence submitted with motions to reopen must be material).

Frimpong having failed to raise the argument before the agency, we decline to consider whether he will be subject to persecution in Ghana based on his membership in the Ashante tribe. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007)(describing the exhaustion requirement as an "affirmative defense subject to waiver").

Because the agency's conclusion that Frimpong did not establish material changed country conditions is supported by substantial evidence, the agency did not abuse its discretion by denying the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). Accordingly, we need not reach Frimpong's argument that he is prima facie eligible for asylum, withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3